IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:18-cv-1022

| | |
|---|---|
| MONICA POUNCEY,<br>    Plaintiff,<br><br>v.<br><br>GUILFORD COUNTY, MARTY LAWING, In His Official and Individual Capacities, HEMANT DESAI, In His Official and Individual Capacities, and JEFFREY SOLOMON, In His Official and Individual Capacities,<br>    Defendants. | **DEFENDANTS'**<br>**MOTION TO DISMISS** |

NOW COME Defendants Guilford County, North Carolina, a body politic and corporate of the State of North Carolina, (the "County"); Marty Lawing, in his official and individual capacity (hereinafter, referred to as "Mr. Lawing"); Hemant Desai, in his official and individual capacity (hereinafter, referred to as "Mr. Desai"); and Jeffrey Solomon, in his official and individual capacities (hereinafter, referred to as "Mr. Solomon"); by and through their counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and moves to dismiss the Complaint of Plaintiff Monica Pouncey (hereinafter, referred to as "Plaintiff").

In support of this Motion, Defendants show unto the Court the following:

1. Plaintiff has failed to plead sufficient and supported factual allegations regarding her race discrimination and retaliation claims to meet the federal pleading standards set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).

2. Plaintiff has failed to plead sufficient and supported factual allegations in her Complaint which would establish even a prima facie case of discrimination based on race or retaliation that rises above the level of mere speculation to survive dismissal under Fed. R. Civ. P. Rule 12(b)(6).

3. The Plaintiff has failed to plead sufficient and supported facts such that her Complaint is plausible, on its face, which would allow the Court to draw a reasonable inference of any alleged misconduct by Defendants in any form, including race discrimination or retaliation.

4. Plaintiff has failed to plead sufficient and supported factual allegations, even if taken as true, that would demonstrate that she is *entitled* to any relief requested.

5. Plaintiff has failed to plead sufficient and supported factual allegations to support a claim of retaliation regarding her termination or failure to promote claims such that her Complaint meets that prerequisite in order to rise above the level of mere speculation and conclusory assertions.

6. Plaintiff admits in her Complaint that on or about April 25, 2016, she notified Mr. Desai that she wished to apply for the Senior Software Engineer position, but that the application was closed prior to the April 30, 2016 expiration date. Mr. Desai reopened the application process on April 25, 2016 to allow the Plaintiff to apply and she qualified for an interview. Interviews were held on April 29, 2016, and Plaintiff did in fact interview before a 3-person panel on that date as only one of two qualified candidates out of the five candidates whom applied.

7. On May 6, 2016, after a more qualified candidate was selected by the 3-person interview panel on April 29, 2016, based on 3 independent interview scores, Plaintiff filed a grievance with the County Human Resources Department complaining of the application process closing early (despite the fact that she did apply and did interview thereafter) and complaining of lack of training. Nowhere in the grievance does Plaintiff allege any type of discrimination such that it might qualify as protected activity pursuant to 42 U.S.C. §§ 2000e, et seq. or 42 U.S.C. § 1981.

8. Plaintiff was not promoted or hired to the second advertised Senior Software Engineer position advertised June 27, 2017, because she was subsequently disqualified for unacceptable personal conduct. Plaintiff was terminated on October 18, 2017, after an internal investigation revealed that she abused her privileged email access by continuing to engage in unauthorized access and monitoring of specific County Director, County Legal Department, and County Human Resource Department email boxes despite her access being previously terminated and receiving a directive from her supervisor to refrain from such further conduct without prior authorization; however, she reinstated her unauthorized access anyway in direct violation of her supervisor's restrictions on her privileged access status.

9. On May 2, 2016, Plaintiff filed a grievance for not having an opportunity to apply for a job for which she actually did apply and to receive additional training. Plaintiff's grievance did not allege any type of discriminatory events engaged in by any of the Defendants and does not rise to the level of engagement in protected activity.

10. Even if Plaintiff had filed a grievance based on discrimination, because more than two or three months passed between the Plaintiff's filing of an internal grievance on May 2, 2016 and her termination on October 18, 2017, Plaintiff cannot demonstrate a causal link between her alleged protected activity (internal grievance) and the adverse employment action.

11. Further, even if Plaintiff could establish a causal link, Plaintiff's termination was based on her abuse of her privileged access by engaging in unauthorized access to County employee email boxes. As such, her conduct served as the actual and non-pretextual reason for her termination from County employment on October 18, 2017, and not her far-removed grievance from May 6, 2016 of the previous year.

12. Therefore, the Plaintiff has failed to state a claim upon which relief may be granted with regards to all of her claims for race discrimination and retaliation.

Further grounds in support of this Motion are contained in the Brief filed contemporaneously herewith.

Respectfully submitted this the 14th day of February, 2019.

> GUILFORD COUNTY ATTORNEY'S OFFICE
>
> /s/ Taniya D. Reaves
> Taniya D. Reaves
> N.C. State Bar No. 51791
> 301 W. Market Street, Suite 301 (27401)
> Post Office Box 3427
> Greensboro, NC  27402-3427
> Telephone: (336) 641-3852
> Facsimile: (336) 641-3642
> Email: treaves@guilfordcountync.gov

/s/ J. Mark Payne
J. Mark Payne
N.C. State Bar No.
301 W. Market Street, Suite 301 (27401)
Post Office Box 3427
Greensboro, NC  27402-3427
Telephone: (336) 641-3852
Facsimile: (336) 641-3642
Email: mpayne@guilfordcountync.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14 of February, 2019, the foregoing **DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

TO EMAIL ADDRESS ON RECORD WITH CM/ECF:
Email: will.fong@hensellaw.com
Wilson F. Fong, Esq.
HENSEL LAW, PLLC
*Attorney for Plaintiff*
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax:    (336) 218-6467

Submitted this the   14  th day of February, 2019.

                GUILFORD COUNTY ATTORNEY'S OFFICE

                /s/ Taniya  D.  Reaves
                Taniya D. Reaves
                N.C. State Bar No. 51791
                301 W. Market Street, Ste 301 (27401)
                Post Office Box 3427
                Greensboro, NC  27402-3427
                Telephone: (336) 641-3852
                Facsimile: (336) 641-3642
                Email: treaves@guilfordcountync.gov

                /s/ J. Mark Payne
                J. Mark Payne
                N.C. State Bar No.
                301 W. Market Street, Suite 301 (27401)
                Post Office Box 3427
                Greensboro, NC  27402-3427
                Telephone: (336) 641-3852
                Facsimile: (336) 641-3642
                Email: mpayne@guilfordcountync.gov

                *Attorneys for Defendants*