# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MONICA POUNCEY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**GUILFORD COUNTY, MARTY LAWING** *in his official and personal capacities*, **HEMANT DESAI** *in his official and personal capacities*, and **JEFFREY SOLOMON** *in his official and personal capacities*,<br><br>*Defendant*. | **CASE NO.: 1:18-CV-1022** |

## NOTICE OF OBJECTION

**NOW COMES** the Plaintiff, Monica Pouncey ("Pouncey"), and objects to the Motion to Dismiss/Motion for Summary Judgment filed by Defendants Guilford County, Marty Lawing ("Lawing"), Hemant Desai ("Desai"), and Jeffrey Solomon ("Solomon").

### OBJECTION: FED. R. CIV. P. 56
**Defendans' Motion is for summary judgment, not dismissal, and is untimely.**

Plaintiff objects that Defendants' Motion (Docket Entry "D.E." 7) is an untimely Summary Judgment Motion, not a Motion to Dismiss. By introducing evidence in support of their Motion outside of that relied on in the complaint, (D.E. 9 & 10), Defendants have

exceeded the bounds of a Rule 12(b)(6) motion and entered into Rule 56. *See E.I. du Pont d Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). Defendants' Motion must therefore be converted into one for summary judgment. *Id*.

Summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 n.5 (1986). As there has been no discovery in this case, summary judgment is premature, and Defendants' Motion for Summary Judgment (D.E. 7) should be denied.

## OBJECTION: M.D.N.C. LOCAL RULE 56.1(a)
**Defendant did not provide notice of intent to file its summary judgment motion.**

Plaintiff objects that Defendants provided no notice of intent to file the instant motion. Local Rule 56.1(a) of the Middle District of North Carolina requires a motion for summary judgment be preceded by a notice of intent to file a dispositive motion. Defendants' Motion for Summary Judgment (D.E. 7) was filed without such a notice and should therefore be denied.

## OBJECTION: FED. R. EVID. 901 AND 902
**Defendant has not provided sufficient evidence of its exhibits' authenticity.**

Plaintiff objects that Defendants' exhibits are inadmissible under Federal Rule of Evidence 901. Under that rule, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Defendants have provided no foundation whatsoever for any of their exhibits to establish that they are what they claim they are. Defendants lack any evidence establishing what any of these documents are outside of short descriptions in their brief, which cannot be considered foundational evidence. There has been no testimony by any witnesses identifying these documents, nor has Defendant provided any evidence of a chain of custody.

To the extent Defendants may try to characterize these documents as self-authenticating public records under Rule 902 (an argument Defendants did not explicitly make in their brief, though they do briefly mention some of their exhibits' status as public records in footnotes), they do not meet Rule 902's requirements that public documents be signed and sealed, Fed. R. Evid 902(1), signed and certified, Fed. R. Evid 902(2), or certified as a copy. Fed. R. Evid 902(3). None of Defendants' exhibits bear any seal or certification of any public officer or custodian. Fed. R. Evid. 902. They therefore cannot be self-authenticating and require foundational evidence.

Because Defendants have not sufficiently proven the authenticity of their exhibits, they are inadmissible and must be disregarded by the court.

### OBJECTION: FED. R. EVID. 401 AND 403
**Defendants have not laid sufficient foundation to establish the relevance of its exhibits.**

Plaintiff also objects that Defendants' Exhibits 1, 4, 5, and 9 (D.E. 9-1, 9-4, 9-5, & 10-4) fail to meet the requirements of Federal Rule of Evidence 401, let alone 403. Under

Rule 401, evidence must be probative to be relevant, meaning it makes a fact of consequence more or less probable. Fed. R. Evid. 401. Under Rule 403, evidence must be more probative than it is prejudicial, prejudice including confusion of the issues and misleading. Fed. R. Evid. 403.

Exhibits 1, 4, 5, and 9 appear to be some sort of internal reports, an understanding of which would require knowledge esoteric to certain of Defendant Guilford County's employees, knowledge which Plaintiff and her counsel lack and have had no opportunity to obtain. (D.E. 9-1, 9-4, 9-5, & 10-4). Defendant has not provided any evidence explaining what these documents are or how to read them, and Plaintiff has had no opportunity to question anyone about these documents. Defendants' Brief (which, again, is not evidence sufficient to establish a proper foundation) does little to enlighten, referring to Exhibit 1 as an "enterprise team merit spreadsheet," Exhibit 2 as an "audit trail of openings and closings of first Sr. Software Engineer Posting," Exhibit 5 as an "applicant job report for first sr. engineer position," and Exhibit 9 as an "applicant job report for second sr. engineer position," but providing no further guidance as to what exactly those are or how they make the facts Defendants put forth any more or less likely. (D.E. 8 at 3–4, 6, 13, 26). A series of numbers, dates and names may become useful information with sufficient guidance, but without proper foundation they do no more to make any fact more or less likely than any other random series of characters on a page. Because Defendants have laid no foundation to decipher the meaning of Exhibits 1, 4, 5,

-4-

Case 1:18-cv-01022-WO-LPA   Document 11   Filed 02/18/19   Page 4 of 9

and 9, these exhibits fail to meet the basic relevance tests of Rules 401 and 403 and must be disregarded by the court.

## OBJECTION: FED. R. CIV. P. 12(b)(6)
**To the extent the Court finds Defendant's motion to be one to dismiss, it should disregard Defendants' exhibits because they do not fall into the narrow exception described in *Stewart* for the admission of facts outside the allegations of the complaint in a motion to dismiss.**

To the extent the Court views Defendants' Motion as a motion to dismiss rather than a summary judgment motion, Plaintiff objects that the evidence Defendants provided is not admissible in a 12(b)(6) Motion to Dismiss. Defendants seem to recognize this and attempt to cover it by citing to *Stewart v. Johnson*, 125 F. Supp. 3d 554, 557 (M.D.N.C. 2015), which does not apply to these documents.

Generally, when ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Going beyond the complaint converts the motion into one for summary judgment. *E.I. du Pont d Nemours & Co.*, 637 F.3d at 448–49. *Stewart* carves out a narrow exception when a defendant offers as exhibits to its motion "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." 125 F. Supp. 3d at 554.

Defendants do little to establish how, exactly, its exhibits fit into that exception, beyond the conclusory statement that "The court may use those documents because

those documents were integral and explicitly relied on in the complaint." (D.E. 8 at 11). As discussed above, Defendants' exhibits are not "official public records" due to their lack of seal, signature, and/or certification. Fed. R. Evid. 902; *see supra*. Additionally, the *Stewart*, 125 F. Supp. 3d at 554, Court and the *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006), Court they cite certainly did not intend for "official public records" to include emails between government officials or internal government documents that are not widely available. Allowing such evidence in a motion to dismiss would give every government employer a second shot at summary judgment simply by virtue of all documents it produces in the normal course of business technically being public record.

Further, nowhere that Defendants' Brief mention *Stewart* does it cite any paragraphs from the Complaint to show that the documents are "central to plaintiff's claim" or "sufficiently referred to in the complaint. (D.E. 8 at 2–3, 11–12, 14). There is no way that Exhibits 1, 2, 4, 5, 6, or 9 could be "central to plaintiff's claim" or "explicitly relied on in the complaint" because these appear to be internal documents to which Pouncey never would have been privy. (D.E. 9-1, 9-2, 9-4, 9-5, 10-1, & 10-4). Exhibits 3, 7, 8, and 10 were arguably mentioned in the Complaint, but Defendants never made that argument and, as the moving party, they have that burden. (D.E. 9-3, 10-2, 10-3, and 10-5).

However, even in the places where the Complaint arguably mentions those exhibits, it never specifically describes or relies on any documents. For example, the Complaint states that Pouncey filed a discrimination grievance, but never describes a document like what Defendants have provided. (D.E. 1 at ¶ 24). The Complaint similarly mentions Pouncey's termination, but no document is mentioned or relied on in that paragraph. (D.E. 1 at ¶ 38). Defendants' exhibits lack the centrality necessary for them to be admitted in a Rule 12(b)(6) motion to dismiss under *Stewart*.

Finally, a key part of the *Stewart* exception is that documents may be used "so long as the authenticity of these documents is not disputed." 125 F. Supp. 3d at 554. Here, Pouncey explicitly disputes the authenticity of these documents. *See supra.* To be clear, Pouncey is not necessarily suggesting that the documents are forgeries or that Defendants are being untoward, only that she lacks the necessary assurances required by the Federal Rules of Evidence to prove that they are not, and therefore must object to their admission on authenticity grounds. Pouncey has had no opportunity for discovery to test Defendants' documents, nor has Defendant provided any of the certifications or witness testimony required by Fed. R. Evid. 901 and 902. As their authenticity is disputed, Defendants' exhibits cannot be allowed into a Fed. R. Civ. P. 12(b)(6) motion to dismiss even if the Court does consider them "central to plaintiff's claim" or "explicitly relied on in the complaint."

Because Defendant, incorrectly relying on *Stewart*, improperly introduced evidence into a Rule 12(b)(6) motion to dismiss, its Motion should be converted into a Rule 56 motion for summary judgment and denied on the grounds that it is premature and improperly noticed. If the Court considers Defendants' Motion as a motion to dismiss, it should disregard Defendants' exhibits and any new facts outside the allegations of the complaint.

*Respectfully submitted on this, the 18th day of February 2019.*

/S/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

-8-

Case 1:18-cv-01022-WO-LPA   Document 11   Filed 02/18/19   Page 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2019, I electronically filed the foregoing Notice of Objection with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

>Taniya D. Reaves
>treaves@guilfordcountync.gov
>J. Mark Payne
>mpayne@guilfordcountync.gov
>GUILFORD COUNTY ATTORNEY'S OFFICE
>301 W. Market Street, Suite 301 (27401)
>Post Office Box 3427
>Greensboro, NC 27402-3427
>treaves@guilfordcountync.gov
>*Counsel for Defendants*

>>**/S/ WILSON FONG**
>>*Attorney for the Plaintiff*
>>NC State Bar No. 50708
>>HENSEL LAW, PLLC
>>Post Office Box 39270
>>Greensboro, North Carolina 27438
>>Phone: (336) 218-6466
>>Fax: (336) 218-6467
>>will.fong@hensellaw.com