IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MONICA POUNCEY,** *Plaintiff*, v. **GUILFORD COUNTY, MARTY LAWING** *in his official and personal capacities,* **HEMANT DESAI** *in his official and personal capacities*, and **JEFFREY SOLOMON** *in his official and personal capacities*, *Defendant*. | **CASE NO.: 1:18-CV-1022** |

NOTICE OF OBJECTION

**NOW COMES** the Plaintiff, Monica Pouncey ("Pouncey"), and objects to the Motion to Dismiss/Motion for Summary Judgment filed by Defendants Guilford County, Marty Lawing ("Lawing"), Hemant Desai ("Desai"), and Jeffrey Solomon ("Solomon").

Under M.D.N.C. Local Rule 7.3(h), "A reply brief is limited to discussion of matters newly raised in the response." Arguments based on Federal Rules of Evidence 201 and 801 make up the entirety of Defendants' Reply brief. (D.E. 15). Plaintiff objects that Defendants did not raise the matter of Rules 201 or 801 in their initial brief, (Docket

Entry ("D.E.") 8), nor did Plaintiff newly raise the matter in her Response. (D.E. 14). As raising new arguments for the first time in a reply brief deprives Plaintiff of her opportunity to respond, the Court should disregard Defendants' newly raised arguments.

Plaintiff also object to Exhibit 1 to Defendants' Reply in support of their Motion to Dismiss/Motion for Summary Judgment. (D.E. 15-1). To begin with, evidence is not appropriate in a Motion to Dismiss. *See E.I. du Pont d Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). In addition, Defendants have submitted a piece of evidence that they claim to have relied upon in their initial Motion, (D.E. 8), for the first time in a reply brief. Defendants specifically acknowledge that Exhibit 1 to their Reply brief was the policy they referred to throughout their initial brief and also acknowledge that they did not provide the document with their initial brief. (D.E. 15 n. 5). As providing evidence for the first time in a reply brief and retroactively assigning evidence to an initial brief both deprive Plaintiff of her opportunity to respond to that evidence, the court should disregard Defendants' Exhibit 1 to their Reply, (D.E. 15-1), as well as all mentions of the policy in their initial brief. (D.E. 8).

*Respectfully submitted on this, the 8th day of April 2019.*

/S/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019, I electronically filed the foregoing Notice of Objection with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

> Taniya D. Reaves
> treaves@guilfordcountync.gov
> J. Mark Payne
> mpayne@guilfordcountync.gov
> GUILFORD COUNTY ATTORNEY'S OFFICE
> 301 W. Market Street, Suite 301 (27401)
> Post Office Box 3427
> Greensboro, NC 27402-3427
> treaves@guilfordcountync.gov
> *Counsel for Defendants*

> /S/ WILSON FONG
> *Attorney for the Plaintiff*
> NC State Bar No. 50708
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438
> Phone: (336) 218-6466
> Fax: (336) 218-6467
> will.fong@hensellaw.com